106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence TROTTER, Plaintiff-Appellant,
v.
Howard A. PETERS III, et al., Defendants-Appellees.
 No. 95-1925.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1996.*
Decided Jan. 9, 1997.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Clarence Trotter, who at the time that the events relevant to this case took place was an inmate at Stateville Correctional Center, brought a § 1983 suit against Howard A. Peters III, the former warden of Stateville, Salvador Godinez, the former director of the Illinois Department of Corrections, and three members of the Stateville prison staff. He did not serve process on any of three staff members; he refers to two of them as John Doe and one of them as Jean Doe. Trotter claimed that all five defendants violated his constitutional rights by subjecting him to disciplinary sanctions without due process of law. He also claimed that Peters and Godinez violated his Eighth Amendment right to be free from cruel and unusual punishment. He based this claim on the fact that he was stabbed by two inmates, and asserted that Peters and Godinez were liable because they failed to take action in light of a known risk to his safety. Trotter also included supplemental state claims. 28 U.S.C. § 1367.
 
 
 2
 The district judge granted summary judgment for the defendants on the federal claims and denied Trotter's motion (filed as an alternative to his motion for summary judgment) to continue the defendants' motion until Trotter could engage in discovery. With the federal claims having been decided prior to trial, the district court declined to exercise jurisdiction over the supplemental state claims. 28 U.S.C. § 1367(c)(3). The court entered judgment in favor of all the defendants notwithstanding the fact that no service of process was effected on three of the defendants (and those three defendants were only identified by the surname "Doe"). On appeal, Trotter limits his argument to his Eighth Amendment claims against Peters and Godinez. He reiterates that the district court should have at a minimum granted a continuance in the defendants' summary judgment motion until he could undertake discovery. We affirm except to the extent judgment was entered in favor of the three Doe defendants.
 
 
 3
 In order for prison officials to be held liable on an Eighth Amendment claim for failing to protect an inmate, the inmate must show that the conditions of incarceration imposed a substantial risk of serious harm and that prison officials knew of and disregarded the risk. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Trotter that the defendants disregarded evidence of a substantial risk to inmate safety, namely six violent incidents at the prison in the year prior to his being stabbed. He did not present any evidence that he was facing a particular threat and stated in his deposition that the attack was a complete surprise to him. Given the state of high security prisons in which persons convicted of serious (and often brutal) crimes are housed within close quarters, a certain number of violent events is almost inevitable. That being the case, even if the defendants personally knew about the six incidents that Trotter cites, the defendants' failure to take any specific action in response to a handful of violent incidents over a one year period (when there was no reason for the officials to believe that Trotter himself was in particular danger of being attacked) cannot be considered the disregard of a substantial risk of serious harm. Moreover, the district court acted within its discretion in not continuing the defendants' motion until Trotter could engage in further discovery. Trotter did not specify in the district court (and has not done so on appeal) how additional discovery would provide him with information that would enable him to raise a genuine issue of fact regarding the defendants' disregard of a substantial risk of harm. See Fed.R.Civ.P. 56(f).
 
 
 4
 Based upon the above discussion we affirm the district court's grant of summary judgment in favor of Peters and Godinez. However, we modify the judgment entered in favor of the three defendants identified by the surname "Doe." The district court entered judgment in favor of these three unknown persons who were never served with process. Moreover, no one has specified who these parties are and therefore it is not clear in whose favor judgment would be entered. Thus, the district court's judgment is modified to dismiss the three defendants who were not served with process.
 
 
 5
 We also conclude the district court properly declined to exercise jurisdiction over Trotter's supplemental state law claims. 28 U.S.C. § 1367(c)(3); see United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 6
 AFFIRMED AS MODIFIED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)